UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA REECE, | No. 2:23-cv-2499-SCR |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Tamara Reece commenced this social security action on October 30, 2023. ECF No. 1.[1] On July 28, 2025, the undersigned granted Plaintiff's motion for summary judgment in part and remanded the matter for further proceedings consistent with the Court's order. ECF No. 21. Presently pending before the Court is a stipulation for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), filed August 14, 2025. ECF No. 24. After considering the stipulation and the applicable law, the Court grants the stipulation for EAJA fees.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall

---

[1] This case was referred to Magistrate Judge Deborah Barnes pursuant to E.D. Cal. L.R. 302(c)(15) and the parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 9. This case was reassigned to the undersigned on August 6, 2024, upon his appointment to the bench. ECF No. 20.

1

> award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, Plaintiff is a prevailing party because she successfully obtained a remand for further proceedings without the Court retaining jurisdiction. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Because the parties stipulated to an award of EAJA fees, the Commissioner does not dispute whether this stipulation is timely or whether the position of the Commissioner was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'"). Because the Commissioner raises no objections, the Court GRANTS the Stipulation.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154, 163 (1990);

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). The parties stipulate to an award of $5,995.15, which the Court finds reasonable. ECF No. 24 at 2. The action transpired from October 2023 to July 2025, the administrative record in this case was over 500 pages, and counsel for Plaintiff prepared a motion for summary judgment and reply brief. ECF Nos. 10, 15, 18.

Therefore, the Court will award Plaintiff EAJA attorneys' fees in the full amount of $5,995.15. The EAJA award must be made by this Court to Plaintiff, and not to counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Nevertheless, if the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney. The parties have stipulated to such an arrangement. ECF No. 24 at 2.

Accordingly, for the reasons outlined above, **IT IS HEREBY ORDERED** that:

1. The stipulation for attorneys' fees under the EAJA (ECF No. 24) is **GRANTED**.
2. Plaintiff is awarded attorneys' fees in the total amount of $5,995.15 pursuant to the EAJA. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's attorney.

IT IS SO ORDERED.

DATED: August 25, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE